CHURCH v. THE INHABITANTS OF THE TOWN OF NORWICH.

THIS was an action brought by Church, in the capacity of administrator on the estate of John Coleman, deceased,

Church v. Town of Norwich.

against the town of Norwich, for the recovery of a sum of money, paid by the intestate to Joseph Talcott, Esq. treasurer of the state of Connecticut, to the use, and for the proper debt of said town.

The general issue was pleaded — and a verdict for the plaintiff.

For the defendants, it was moved in arrest of judgment:—

1. That the jury were much divided, seven being for the plaintiff, and five for the defendants; and that finally it was agreed among themselves, that the five minority should go in silent, and if the court disapproved the verdict, the other seven should then conform to their opinion: That upon hearing the observations of the court in the case, the jury were generally of opinion, that the verdict ought to have been for the defendants.

2. That the jury have found a large sum in damages, for interest; whereas the law will imply no obligation on the defendants to pay the principal, without actual notice that the money was paid for their benefit, and on their account, and a special request of repayment; and much less for the payment of interest. No such request is laid in the declaration to have been made.

3. Because the plaintiff grounds his action wholly on the equity of the case; when, in fact, the equity, as well as the law, appeared on the whole matter to be extremely doubtful.

4. Because the honorable Judge Dyer, who acted as judge in the case, holds, in fee, an estate in the town of Norwich, subject to the payment of taxes; and so, by law, is interested in the event of the cause; and is also uncle to one of the defendants.

The motion ruled insufficient.

Church v. Town of Norwich.

By the Court. (Judge Dyer and Judge Pitkin giving no opinion.) 1. It does not appear, on inquiry, that the jury ever made the agreement stated in the first exception.

2. Though there is no averment in the declaration, that the defendants had notice of the payment alleged; yet it is averred, they were indebted, and that being so indebted, they promised; and the jury having found the promise, must have found also the indebtedness, and must have had proof of facts necessary to create the debt: And as to the interest; though the jury have given interest, by way of damages, for detention of the debt, it is not apparent to the court that it is wrong. The jury may have had evidence of an agreement to allow interest, or that the money was so applied by the plaintiff as to stop interest for the defendants, or of other special circumstances, to justify them in allowing interest.

3. As to the equity of the case, that it was too doubtful to support an action of this kind: This does not appear from the verdict, or the declaration; and the court are not now to go into the evidence.

4. As to the supposed interest of Judge Dyer, it was too inconsiderable and remote for him to have excused himself; and if the defendants would object, on account of his kindred to one of them, they should have done it when the cause came on: Having waived it then, it is unreasonable they should take advantage of it, after hearing his opinion to accept the verdict against them.